**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: <br><br> The Golf Club of New England, Inc., <br><br> Debtor | Chapter 11 <br><br> Bk. Case No.:  04-10539 |
| Channel Building Company, Inc., <br><br> Plaintiff <br> v. <br><br> SoftDraw Investments, LLC and <br> The Golf Club of New England, Inc., <br><br> Defendants | Adversary Case No. 04-1092 |

## ANSWER

NOW COMES the Defendant, The Golf Club of New England, Inc. ("GCNE"), by and through its undersigned counsel, Nixon Peabody LLP, and respectfully answers the Complaint to Confirm the Validity, Priority, and Extent of Channel Building Company, Inc.'s Mechanic's Lien (the "Complaint") filed and served herein by Channel Building Company, Inc. (the "Plaintiff) as follows:

1. GCNE admits the allegations stated in paragraph 1 of the Complaint.

2. GCNE admits the allegations stated in paragraph 2 of the Complaint.

3. GCNE admits the allegations stated in paragraph 3 of the Complaint.

4. GCNE admits that the Plaintiff brought this action for the determination as to the validity, priority, extent of its mechanic's lien.  GCNE denies that this action is the proper mechanism to determine the amount of the Plaintiff's allowed claim.

5. GCNE admits the allegations stated in paragraph 5 of the Complaint.

6. GCNE admits the allegations stated in paragraph 6 of the Complaint.

7. GCNE admits the allegations stated in paragraph 7 of the Complaint.

8. GCNE admits the allegations stated in paragraph 8 of the Complaint.

9. GCNE admits the allegations stated in paragraph 9 of the Complaint.

10. GCNE admits the allegations stated in paragraph 10 of the Complaint.

11. GCNE admits the allegations stated in paragraph 11 of the Complaint.

12. GCNE admits the allegations stated in paragraph 12 of the Complaint.

13. GCNE admits the allegations stated in paragraph 13 of the Complaint.

14. GCNE denies the allegations contained in paragraph 14 of the Complaint. By way of further answer, GCNE states that all funds from SoftDraw, LLC ("SoftDraw") were deposited into a construction account, as were the proceeds from the sale of house lots. Although GCNE occasionally transferred funds from the construction account to its operating account, the total amount of those transfers was less than the deposits into the construction account from the sale of house lots.

15. GCNE denies the allegations contained in paragraph 15 of the Complaint. See response to No. 14.

16. GCNE denies the allegations contained in paragraph 16 of the Complaint. See response to No. 14.

17. GCNE admits the allegations stated in paragraph 17 of the Complaint.

18. GCNE denies the allegations contained in paragraph 18 of the Complaint. By way of further answer, GCNE states that any over advance by SoftDraw was used exclusively to fund construction of the golf club.

19. GCNE denies the allegations contained in paragraph 19 of the Complaint. By way of further answer, GCNE states that there was no $3,000,000 loan, but rather an over advance on the original loan.

20. GCNE denies the allegations contained in paragraph 20 of the Complaint. By way of further answer, GCNE states that there was no $3,000,000 loan, but rather an over advance on the original loan.

21. GCNE admits the allegations stated in paragraph 21 of the Complaint.

22. GCNE admits the allegations stated in paragraph 22 of the Complaint.

23. GCNE denies the allegations contained in paragraph 23 of the Complaint. By way of further answer, GCNE states that Tom Burkardt told Jerry Diorio, an agent of the Plaintiff, that SoftDraw was the source of its funding, and how such funding was disbursed by SoftDraw. GCNE admits that it did not post construction site notice, however, Plaintiff was fully informed of the financing.

24. GCNE denies the allegations contained in paragraph 24 of the Complaint. By way of further answer, GCNE states that it has found numerous problems with the work provided by the Plaintiff.

25. GCNE admits that the Plaintiff has not been paid in full, but is without sufficient information to admit or deny that the Plaintiff's suppliers and/or subcontractors remain unpaid.

26. GCNE admits the allegations contained in paragraph 26 of the Complaint.

27. GCNE restates and realleges its prior responses.

28. GCNE admits the allegations contained in paragraph 28 of the Complaint.

29. GCNE admits the allegations contained in paragraph 29 of the Complaint, but denies that Plaintiff may have a claim or defenses against GCNE.

30. GCNE denies the allegations contained in paragraph 30 of the Complaint.

31. GCNE admits the allegations in paragraph 31 of the Complaint, but avers that Plaintiff had direct information about the loan from SoftDraw.

32. GCNE denies the allegations contained in paragraph 32 of the Complaint.

33. GCNE restates and reallages its prior responses.

34. GCNE denies the allegations contained in paragraph 34 of the Complaint.

35. GCNE denies the allegations contained in paragraph 35 of the Complaint.

36. GCNE admits the allegations contained in paragraph 36 of the Complaint.

37. GCNE denies that SoftDraw's advance of the so-called additional $3,000,000 was a secondary loan.

38. GCNE denies the allegations contained in paragraph 38 of the Complaint.

39. GCNE admits the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 contains conclusions of law to which no response is required.

41. GCNE denies the allegations contained in paragraph 41 of the Complaint.

42. GCNE restates and realleges its prior responses.

43. GCNE denies the allegations contained in paragraph 43 of the Complaint.

44. GCNE denies the allegations contained in paragraph 44 of the Complaint.

45. Paragraph 45 contains conclusions of law to which no response is required in paragraph 45 of the Complaint.

46. GCNE is without sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint.

## **AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER, GCNE states the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred due to failure of consideration.

4

3. Plaintiff's claim is barred by the Statute of Frauds.

4. Plaintiff's claims should be denied in that any damages that may have occurred were caused by the conduct of a third party outside GCNE's control and for whom GCNE was not legally responsible.

5. Plaintiff has failed to mitigate its damages.

6. Plaintiff's claim is barred by the doctrine of ratification.

7. GCNE asserts the affirmative defense that Plaintiff is not entitled to a mechanic's lien because the value of the property subject to Plaintiff's mechanic's lien is less than the amount of disbursements attributable to land acquisition and payment of other contractors and subcontractors.

The parties have not conducted any discovery. Accordingly, GCNE reserves the right to enumerate additional affirmative defenses as they become evident in the discovery process.

WHEREFORE, The Golf Club of New England, Inc. respectfully requests that this Court:

A. Deny Plaintiff's Complaint to Confirm the Validity, Priority, and Extent of Channel Building Company, Inc.'s Mechanic's Lien;

B. Dismiss this adversary case; and

C. Grant such further relief as is just and appropriate.

                                      Respectfully submitted,

                                      THE GOLF CLUB OF NEW ENGLAND, INC.

                                      By its Attorneys,

                                      NIXON PEABODY LLP

June 3, 2004                    By:  /s/ Peter N. Tamposi
                                         BNH #04931
                                         Daniel W. Sklar, Esquire
                                         BNH #01443
                                         889 Elm Street
                                         Manchester, New Hampshire 03101
                                         (603)628-4000
                                         Fax (603) 628-4040


## **CERTIFICATE OF SERVICE**

     I, Peter N. Tamposi, Esquire, hereby certify that on the 3rd day of June, 2004, a true and accurate copy of the foregoing was served on Joseph Foster, Esq. and Bruce Harwood, Esq.

                                                              /s/ Peter N. Tamposi

M110760.1