THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
In re:                                           *
                                                 *    Chapter 11
THE GOLF CLUB OF NEW ENGLAND,                    *
                                                 *    Case No. 04-10539-JMD
                              Debtor.            *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *
CHANNEL BUILDING COMPANY, INC.                   *
                                                 *
              PLAINTIFF                          *    Adv. Pro. No.  04-1092
                                                 *
V.                                               *
                                                 *
SOFTDRAW INVESETMENTS, LLC AND                   *
THE GOLF CLUB OF NEW ENGLAND, INC.,              *
                                                 *
              DEFENDANTS                         *
*****************************************
```

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF SOFT DRAW INVESTMENTS, LLC**

Soft Draw Investments, LLC, the Defendant ("Soft Draw") by and through its counsel, Sheehan Phinney Bass + Green, P.A. answers the Complaint of Channel Building Company, Inc. ("Channel") to Confirm the Validity, Priority, and Extent of Channel Building Co., Inc.'s Mechanic's Lien (the "Complaint") as follows:

As to the unnumbered introductory paragraph of the Complaint, Soft Draw denies all conclusory allegations except to the extent that they are expressly admitted in the responses to the numbered paragraphs.

1.  Soft Draw admits the factual allegations set forth in paragraph 1 of the Complaint.

2.  Soft Draw admits the factual allegations set forth in paragraph 2 of the Complaint.

3.  Soft Draw admits the factual allegations set forth in paragraph 3 of the Complaint.

4.	Soft Draw admits that the Plaintiff brought this action for a determination of the validity, priority, and extent of its mechanic's lien.  Soft Draw denies that this action is the proper means of determining the amount of the Plaintiff's claim.

5.	Soft Draw admits the factual allegations set forth in paragraph 5 of the Complaint.

6.	Soft Draw admits that this adversary proceeding concerns many of the same issues raised by Channel in <u>Channel Building Company, Inc. v. Golf Club of New England, Inc.</u>, Docket No. 04-C-54 currently pending before the Rockingham County Superior Court and stayed by the filing the Debtor's Chapter 11 case.

7.	Soft Draw admits the factual allegations set forth in paragraph 7 of the Complaint.

8.	Soft Draw admits the factual allegations set forth in paragraph 8 of the Complaint.

9.	Soft Draw admits the factual allegations set forth in paragraph 9 of the Complaint. Soft Draw further states that Channel's characterization of the transactions set forth in the Loan Agreement as a "First Loan" in the Complaint is argumentative and conclusory.

10.	Soft Draw admits the factual allegations set forth in paragraph 10 of the Complaint and further states that the terms of the entire Loan Agreement speak for themselves.

11.	Soft Draw admits the factual allegations set forth in paragraph 11 of the Complaint.

12.	Soft Draw admits the factual allegations set forth in paragraph 12 of the Complaint.

13.	Soft Draw admits the factual allegations set forth in paragraph 13 of the Complaint.

14.	Soft Draw admits that advances were made to the Debtor at various stages of the project.  Soft Draw is without sufficient information to either admit or deny, and therefore denies, the remaining factual allegations set forth in paragraph 14 of the Complaint.

15.	Soft Draw is without sufficient information to either admit or deny the factual allegations set forth in paragraph 15, and therefore denies the same.

16. Soft Draw is without sufficient information at this point to either admit or deny the factual allegations set forth in paragraph 16, and therefore denies the same. Soft Draw further states that the allegations of paragraph 16 are too vague to admit or deny.

17. Upon information and belief, Soft Draw admits the factual allegations set forth in paragraph 17 of the Complaint.

18. Soft Draw is without sufficient information to either admit or deny the factual allegations set forth in paragraph 18, and therefore denies the same.

19. Soft Draw admits it executed an Amendment Agreement dated July 31, 2003, and states that the Amendment Agreement speaks for itself. Soft Draw is without sufficient information to either admit or deny the remaining factual allegations set forth in paragraph 19 and therefore denies the same and further objects to Channel's argumentative characterization of the loan transaction between the Debtor and Soft Draw.

20. Soft Draw states that the terms of the Amendment Agreement speak for themselves, and to the extent that there are any other factual assertions contained in paragraph 20, they are denied. By way of further answer, Soft Draw states that all funds loaned to the Debtor were loaned pursuant to the Loan Agreement, as amended by the Amendment Agreement.

21. Soft Draw states that the terms of the Amendment Agreement speak for themselves and denies all remaining allegations contained in paragraph 21 of the Complaint.

22. Soft Draw admits that the mortgage was amended. The remainder of paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, the remaining assertions are denied.

23. Upon information and belief, Soft Draw asserts that Channel did have knowledge of the financing arrangements through Mr. Jerry Diorio, an agent of Channel. Soft Draw admits that it did not post construction site notices; however, Soft Draw believes, and therefore asserts, that Channel was fully informed of the financing. Soft Draw is without sufficient knowledge to either admit or deny that the Debtor posted notices and therefore denies the same.

24. Soft Draw admits that Channel has not been paid for its final three invoices. Soft Draw denies the remaining factual allegations set forth in paragraph 24.

25. Soft Draw admits that Plaintiff has not been paid for its final three invoices. Soft Draw is without sufficient information to either admit or deny the remaining factual assertions set forth in paragraph 25 and therefore denies the same.

26. Soft Draw is without sufficient information to either admit or deny the alleged motivation for Channel's litigation and therefore denies the same. The remaining factual assertions set forth in paragraph 26 are admitted.

27. Soft Draw incorporates its prior responses by reference.

28. Soft Draw admits the factual allegations set forth in paragraph 28 of the Complaint. The remainder of paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, the remaining assertions are denied.

29. Soft Draw admits that at least $3,346,766.60 of the amounts owed to Soft Draw have priority over Channel's mechanic's lien. Soft Draw denies that the amount of its priority is limited to that amount, and that Channel has any valid claims or defenses against Soft Draw.

30. Soft Draw denies the allegations set forth in paragraph 30 of the Complaint.

31. Soft Draw is without sufficient information to either admit or deny the factual allegations set forth in paragraph 31 of the Complaint and therefore denies the same. By way of further answer, Soft Draw asserts, upon information and belief, that Plaintiff had actual knowledge of the financing arrangements between the Debtor and Soft Draw.

32. Paragraph 32 sets forth a legal conclusion to which no answer is required. To the extent that an answer is deemed required, Soft Draw denies the assertions set forth in paragraph 32 of the Complaint other than to incorporate its prior response admitting that Soft Draw did not post a financing notice at the construction site in a conspicuous place.

33. Soft Draw incorporates its prior responses by reference.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent that a response is deemed required, Soft Draw denies the allegations set forth in paragraph 34 of the Complaint.

35. Soft Draw denies the allegations set forth in paragraph 35 of the Complaint.

36. Soft Draw admits the allegations set forth in paragraph 36 of the Complaint.

37. Soft Draw disputes the characterization of the additional $3,000,000 advanced by Soft Draw. Soft Draw admits that the original mortgage amount was $12,000,000. The remaining factual allegations set forth in paragraph 37 are denied.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent that an answer is deemed required, the factual assertions set forth in paragraph 38 are denied.

39. Soft Draw admits that it did not post a notice of refinancing. Soft Draw is without sufficient information to either admit or deny the remaining factual assertions in paragraph 39 and therefore denies the same.

40. Paragraph 40 sets forth a legal conclusion to which no response is required. To the extent a response is required, Soft Draw denies the allegations set forth in paragraph 40.

41. Paragraph 41 of the Complaint states a legal conclusion to which no answer is required. To the extent that an answer is deemed required, the assertions set forth in paragraph 41 are denied.

42. Soft Draw incorporates its prior responses by reference.

43. Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent that an answer is deemed required, the factual assertions set forth in paragraph 43 are denied.

44. Soft Draw denies the factual allegations set forth in paragraph 44 of the Complaint.

45. Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Soft Draw is without sufficient information to either admit or deny the remaining factual assertions in paragraph 45 and therefore denies the same.

46. Paragraph 46 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the factual assertions set forth in paragraph 46 are denied.

## **AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER, Soft Draw asserts the following affirmative defenses:

1. Plaintiff's claim fails to state a claim upon which relief may be granted;

2. Plaintiff's claim is barred by the doctrines of estoppel, waiver, and/or laches.

3. Plaintiff's claim is barred by failure of consideration;

4. Plaintiff's claim is barred by the doctrine of ratification;

5. Plaintiff has failed to mitigate its damages;

6. Plaintiff's claim fails because the value of the property at issue is less than the amount of disbursements attributable to land acquisition plus payments to contractors and subcontractors.

7. Plaintiff's claim fails because the description of the property to which its asserted mechanic's lien purportedly attached is impermissibly vague and deficient under applicable nonbankruptcy law.

Soft Draw reserves the right to add additional affirmative defenses as they arise throughout the course of discovery.

WHEREFORE, Soft Draw respectfully requests that the Court:

A. Deny the relief requested in Plaintiff's Complaint to Confirm the Validity, Priority, and Extent of Channel Building Company, Inc.'s Mechanic's Lien;

B. Determine that the lien securing Soft Draw's claim is senior in priority in all respects to the lien asserted by Plaintiff; and

    C.    Grant Soft Draw such other and further relief as the Court deems proper and just.

Respectfully submitted,

SOFT DRAW INVESTMENTS, LLC

By its attorneys,

SHEEHAN PHINNEY BASS + GREEN
PROFESSIONAL ASSOCIATION

Date:  June 7, 2004                  By: /s/ Bruce A. Harwood
                                                Bruce A. Harwood, BNH #01519
                                                James F. Ogorchock, BNH #04710
                                                Sheehan Phinney Bass + Green, P.A.
                                                1000 Elm Street, P. O. Box 3701
                                                Manchester, NH  03105-3701
                                                (603) 627-8139

### CERTIFICATE OF SERVICE

     I hereby certify that on this 7th day of June, 2004, a copy of the foregoing Answer of Soft Draw Investments, LLC was served upon the following parties via first class mail, postage prepaid, and electronically upon those persons served electronically by the CM/ECF system:

| | |
|---|---|
| Daniel W. Sklar, Esq. | Joseph Foster, Esq. |
| Peter N. Tamposi, Esq. | McLane Graf Raulerson & Middleton, P.A. |
| Nixon Peabody LLP | 900 Elm Street |
| 889 Elm Street | P.O. Box 326 |
| Manchester, NH 03101 | Manchester, NH 03105-0326 |

                                                 /s/ Bruce A. Harwood
                                                Bruce A. Harwood